NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001084
01-MAY-2015
08:25 AM**

NO. CAAP-14-0001084

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CLEO JUSTO; ROSALINDA JUSTO AND SHIERYL JUSTO,
Plaintiffs-Appellees,
v.
NATHAN EVANS, CITY AND COUNTY OF HONOLULU,
Defendants-Appellants,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE ENTITIES 1-20,
Defendants
**(CIVIL NO. 10-1-1558-07)**

JASON JUSTO, Plaintiff-Appellee,
v.
NATHAN EVANS;
CITY AND COUNTY OF HONOLULU, a Governmental Municipality,
Defendants-Appellants,
and
DOES 1-10, Defendants
**(CIVIL NO. 10-1-2552-11)**

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
Plaintiff-Appellee,
v.
CITY AND COUNTY OF HONOLULU,
a Governmental Municipality; NATHAN EVANS,
Defendants-Appellants
**(CIVIL NO. 11-1-2392-10)**

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of Defendants-Appellants City and County of Honolulu's and Nathan Evans's (the City of Honolulu Appellants) appeal from the Honorable Karen T. Nakasone's August 1, 2014 judgment, purportedly certified pursuant to Rule 54(b) of the Hawai'i Rules of Civil Procedure (HRCP), regarding an April 10, 2014 interlocutory order denying the City of Honolulu Appellants' January 30, 2014 motion for summary judgment, and the record, it appears that we lack appellate jurisdiction because the August 1, 2014 judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2014), Rules 54 and 58 of the Hawai'i Rules of Civil Procedure (HRCP), and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Under HRS § 641-1(a), an "appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphasis added). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. For example, "a

-2-

judgment or order in a consolidated case, disposing of fewer than all claims among all parties, is not appealable in the absence of [HRCP] Rule 54(b) certification." Leslie v. Estate of Tavares, 109 Hawai‘i 8, 13, 122 P.3d 803, 808 (2005). Whenever HRCP Rule 54(b)-certification is necessary, "a party cannot appeal from a circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to a judgment and the [HRCP Rule] 54(b) certification language must be contained therein." Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai‘i 88, 93, 881 P.2d 1234, 1239 (1994).

The August 1, 2014 judgment does not resolve all claims against all parties and the circuit court purported to certify the August 1, 2014 judgment for an appeal pursuant to HRCP Rule 54(b). However, although HRCP Rule 54(b) authorizes a circuit court to certify a judgment as to one or more but fewer than all claims or parties,

> the power of a lower court to enter a certification of finality is limited to only those cases where (1) more than one claim for relief is presented or multiple parties (at least three) are involved, . . . and (2) the judgment entered completely disposes of at least one claim or all of the claims by or against at least one party.

Elliot Megdal and Associates v. Daio USA Corporation, 87 Hawai‘i 129, 133, 952 P.2d 886, 890 (App. 1998) (citations omitted; emphasis added). An HRCP Rule 54(b)-certified judgment "must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the court of a multiple claims action." Elliot Megdal and Associates v. Daio USA Corporation, 87 Hawai‘i at 135, 952 P.2d at 892 (citation and some internal quotation marks omitted.

For example, the Supreme Court of Hawai'i has explained that a "circuit court's order awarding attorneys' fees and costs may not be certified as a final judgment, pursuant to HRCP Rule 54(b), because such an order is not a final decision with respect to a claim for relief." Fujimoto v. Au, 95 Hawai'i 116, 136 n.16, 19 P.3d 699, 719 n.16 (2001) (citation and internal quotation marks omitted). And, with respect to circumstances that were similar to the instant case, the Supreme Court of Hawai'i held that "the purported HRCP Rule 54(b) certification of . . . [an] order denying the [opposing partie]s' motion for summary judgment was improper." Id.

The August 1, 2014 judgment does not enter judgment on or dismiss any claim in this case. Instead, the August 1, 2014 judgment merely purports to enter judgment, pursuant to HRCP Rule 54(b), on the April 10, 2014 interlocutory order denying the City of Honolulu Appellants' January 30, 2014 motion for summary judgment. The April 10, 2014 interlocutory order does not resolve any claims, but, instead, it allows the circuit court proceedings for the subject claims to go forward for adjudication in a trial on the merits.

In the absence of an appealable final judgment, the proper means for the City of Honolulu Appellants to seek appellate review of the April 10, 2014 interlocutory order was to seek permission from the circuit court to assert an interlocutory appeal pursuant to HRS § 641-1(b) (1993 & Supp. 2014), which the City of Honolulu Appellants did not do within the required time period under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure. See Lui v. City and County of Honolulu, 63 Haw. 668,

-4-

672, 634 P.2d 595, 598 (1981); McCabe v. Berdon, 67 Haw. 178, 179, 681 P.2d 571, 573 (1984); Mason v. Water Resources International, 67 Haw. 510, 511-12, 694 P.2d 388, 389 (1985); King v. Wholesale Produce Dealers Ass'n of Hawaii, 69 Haw. 334, 335, 741 P.2d 721, 722 (1987); Kohala Agriculture v. Deloitte & Touche, 86 Hawai'i 301, 311, 9494 P.2d 141, 151 (App. 1997).

Upon the entry of an appealable final judgment in this case, any aggrieved party will have an opportunity to obtain appellate review of the April 10, 2014 interlocutory order by way of a timely appeal from that final judgment, because "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted).

For these reasons, we lack appellate jurisdiction and the City of Honolulu Appellants' appeal is premature.

Therefore, IT IS HEREBY ORDERED AND DECREED that appellate court case number CAAP-14-0001084 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 1, 2015.

Presiding Judge

Associate Judge

Associate Judge